ALBERT JOHNSON v. MINNESOTA TRIBUNE COMPANY.[1]

February 11, 1904.

Nos. 13,638—(120).

**Party Wall.**

Ordinarily, when adjoining owners at their joint expense erect a party wall standing on both sides of the line, they are not owners in common of the same, but each owns in severalty so much of the wall as stands on his own land, subject to an easement or servitude in favor of the other party to have it maintained as a party wall.

**Front Wall.**

A front wall, however, although tied or fastened to a party wall, is no part of it, but is distinct and apart from it. And it is well settled that neither of the owners of a party wall has the right to extend the front wall of his own building beyond the line which marks the division between the properties.

**Ejectment.**

Where one of the owners of a party wall has extended the base of his own building beyond the division line, has inserted a post on the sidewalk in front of the building belonging to the other party, has cut out and removed portions of the front wall of such building, and has then proceeded to fill and occupy the spaces so made by projecting thereon the orna-

[1] Reported in 98 N. W. 321.

mental moldings of his own building, an action of ejectment will lie in favor of the party who has thus been dispossessed of portions of his premises.

Action in ejectment in the district court for Hennepin county and in which plaintiff also sought to recover $2,000 for injuries to his property. The case was tried before Brooks, J., who made findings of fact and as conclusions of law found that plaintiff was entitled to recover $75 as damages but to no equitable relief. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed, and remanded for further proceedings.

*Thomas Canty* and *S. A. Reed,* for appellant.

Ejectment will lie to remove overhanging projections. 10 Am. & Eng. Enc. (2d Ed.) 531; Murphy v. Bolger, 60 Vt. 723; McCourt v. Eckstein, 22 Wis. 148; Stedman v. Smith, 8 El. & Bl. 1. The subjection of the property in any form to the will of the defendant is a sufficient possession by him to sustain ejectment. 10 Am. & Eng. Enc. (2d Ed.) 529; Quicksilver Min. Co. v. Hicks, 4 Saw. 688; French v. Robb, 67 N. J. L. 260; Flanniken v. Lee, 23 N. C. 293. The maxim "de minimis non curat lex" does not apply to an action brought to vindicate the right of title to real estate, no matter how small in value or amount the interest involved. Pindar v. Wadsworth, 2 East. 154; Harrop v. Hirst, L. R. 4 Exch. 43.

The intrusion of all parts and appurtenances of defendant's building on to plaintiff's premises and the maintaining of them there constitute but one transaction, and clearly, the right to have them removed constitutes but one cause of action even though some of the parts rest on plaintiff's soil and some of them rest in part on his building and project in part into the air above his premises. He is not entitled to bring an action of ejectment to remove a part and another action in equity to remove another part of these odds and ends, parts of plaintiff's building.

Both parties had a right to a jury trial as to the questions of the amount of plaintiff's damages. And even if, as the court intimates in his last memorandum, the claims of plaintiff for relief were partly equitable, they could and should still be all joined in one action. First

Division v. Rice, 25 Minn. 278; Bell v. Mendenhall, 71 Minn. 331,. 334; Piper v. Packer, 20 Minn. 245 (274); Holmes v. Campbell, 12 Minn. 141 (221); Montgomery v. McEwen, 7 Minn. 276 (351); Finch. v. Green, 16 Minn. 315 (355).

When the whole case is presented at the trial, all of it which is not under the rules of law or the order of the court submitted to the jury, remains for the judge to try. Schmitt v. Schmitt, 31 Minn. 106; Armitage v. Pulver, 37 N. Y. 494; Davis v. Morris, 36 N. Y. 569; Devlin v. New York, 4 Misc. (N. Y.) 106; Kirkwood v. First National, 40 Neb. 484; Kirkwood v. Exchange National, 40 Neb. 497; Clark v. Clark, 86 Mo. 114.

*Rome G. Brown* and *Charles S. Albert,* for respondent.

The acts of defendant found by the court did not amount to an ouster, and ejectment did not lie. Ejectment cannot be used to enforce rights to an incorporeal hereditament, nor to regulate those rights as between the parties. Wood v. Truckee, 24 Cal. 488; Kurkel v. Haley, 47 How. Pr. 75; Judd v. Leonard, 1 D. Chip. (Vt.) 204.

The trial court was correct in denying equitable relief. The case was treated by both parties and by the court up to a time after the filing of the decision, not as an equitable case, but as one solely involving the question of whether the plaintiff should have his remedy in ejectment and for damages. The cause ought not therefore at this time, without the consent of both parties, to be converted into a suit in equity, where, regardless of their legal rights, relief might be wholly denied or made dependent upon a careful survey of all the facts and circumstances disclosed. Rahn v. Milwaukee, 103 Wis. 467, 471.

COLLINS, J.

Plaintiff and defendant own adjoining buildings fronting on Fourth Street South, Minneapolis. There is a party wall between these buildings, which stands, according to the findings of the court, upon the line; one-half being on plaintiff's land, the other upon defendant's. When this party wall was erected, one building occupied the entire space now covered by both with a continuous front wall of red pressed brick. Fire partly destroyed that part of the building owned by defendant corporation, leaving the party wall intact. It then tore down what re-

mained of the front wall of its part of the building to a perpendicular line in the middle of the party wall, and then rebuilt, constructing a front wall of white glazed brick up to the perpendicular line, with a marble base resting on the ground, several moldings, and a cornice of galvanized iron; these moldings and cornice being at various heights from the ground, and serving simply for ornamentation. The base not only extended several inches beyond the dividing line and onto plaintiff's land, but it was projected out upon the sidewalk and in front of his building. And at different places the defendant cut into and removed portions of the front wall of plaintiff's building and then proceeded to fill and occupy the spaces so that portions of the moldings in defendant's front wall encroached on plaintiff's from four to thirteen inches, projecting into and in front of the same. The defendant also inserted an iron post in the sidewalk in front of plaintiff's building upon which to rest one end of an iron railing, put in evidently to protect the marble base before mentioned.

Alleging this intrusion to be wrongful, and committed without his consent, plaintiff brought this action, in which he set out in the complaint in detail the various acts of defendant by which it had ousted him from parts of his building, and demanded judgment for the possession of so much thereof as had been encroached upon and occupied by the marble base and other projections and by the iron post, and also for a certain sum as damages, and for such other relief as to the court seemed just and proper.

The answer contained a denial of any act whereby plaintiff had been ousted from any part of his premises, and then set forth two equitable defenses.

With these issues the case was tried to a jury, but at the close of the testimony the jury was discharged by consent, and the case was submitted to the court for determination. The court found, among other things, that the center of the party wall was the true dividing line between plaintiff and defendant, and that the encroachments upon plaintiff had been made as above stated. In its conclusions of law damages were awarded to plaintiff in the sum of $75, but no further relief was granted.

There is very little controversy in the books over the relations existing between parties who have erected a party wall. Ordinarily,

when adjoining owners, at their joint expense, erect a party wall standing on both sides of the line, they are not owners in common of the same, but each owns in severalty so much of the wall as stands on his own land, subject to an easement or servitude in favor of the other party to have it maintained as a party wall. Such parties are not joint owners of the wall. A front wall, however, although tied or fastened to a party wall, is no part of it, but is distinct and apart from it. So it is well settled that neither of the owners of a party wall has the right to extend the front wall of his own building beyond the line which marks the division between the properties. 22 Am. & Eng. Enc. (2d Ed.) 239, 245, and citations.

But the court below, although conceding these propositions, seems to have been very firmly of the opinion that plaintiff had not been dispossessed or ousted from any part of his premises by these acts of intrusion upon the front wall, and that an action of ejectment could not be maintained. We are unable to agree with the trial court that ejectment is not the proper remedy, upon the undisputed facts appearing, at least as to that part of plaintiff's land occupied by the marble base. In taking down a portion of plaintiff's front wall and putting in the place thereof moldings, which were a part of its building, defendant wrongfully exercised acts of ownership over that wall, and dispossessed plaintiff from his own property. It took actual and visible possession by entering upon his premises, removing portions of his wall, and occupying the spaces with parts of its own building. It also ousted and dispossessed plaintiff and took possession of part of his premises when it placed the marble base upon his land, and also when it placed an iron post in the walk in front of his building.

The argument is used that, notwithstanding the intrusions before mentioned, the plaintiff continues to occupy his premises as he did before. It is true that he occupies his building as he did prior to the ouster, but he does not and cannot occupy the land actually covered by the marble base, nor does he occupy nor is he in possession of those parts of his front wall which defendant has taken and is now holding. Plaintiff was in possession, but has been absolutely excluded therefrom, and no good reason exists why ejectment cannot be maintained, although the ordinary remedy in that form of action may not relieve plaintiff's premises of the parts of defendant's building now resting

thereon. He can simply be formally reinstated in possession. It cannot be possible that by taking possession of portions of plaintiff's front wall in the manner indicated and by placing a part of the base upon plaintiff's land the only relief for the latter is repeated actions for damages, or possibly an action to abate a nuisance. The intrusion is upon the legal rights of plaintiff. It is both an injury and a damage, and the proper subject for ample and adequate legal redress. He is entitled to a restoration of his premises. A very instructive and well-considered case upon the subject is Murphy v. Bolger, 60 Vt. 723, 15 Atl. 365, wherein it was held that defendant was liable in ejectment for a projection of his roof over plaintiff's land.

But, notwithstanding our conclusion that ejectment can be maintained on the facts as found, we are of the opinion that a new trial should be had. As before stated, the answer contained, in addition to a denial that defendant had intruded upon plaintiff's premises, two distinct equitable defenses. Both parties seem to have treated the cause as an action at law for the recovery of possession, with damages, and this led to the impaneling of a jury before whom plaintiff presented his testimony. The defendant failed to introduce any testimony whatsoever, rested upon its part, and then counsel for both plaintiff and defendant moved for an instructed verdict. Although both motions were subsequently denied by the court, it is obvious that they were removed from the case by the agreement to discharge the jury. Later the court made its findings of fact and conclusions of law referred to. Both parties moved for amendments thereto. The trial court thereupon amended its conclusions of law by adding

> "That plaintiff is entitled to no equitable relief in this action, for the reason that no equitable issue has been tried herein, and is entitled to no judgment at law except as hereinafter ordered," and then stated that "at no time since the trial began, and prior to the decision, was there any suggestion from either side that the action had been begun, prosecuted, or submitted as an action in equity. * * * The cause ought not, therefore, at this time, without the consent of both parties, to be converted into a suit in equity, where, regardless of their legal rights,

91 M.—31

relief might be wholly denied, or made dependent upon a careful survey of all the facts and circumstances disclosed."

No motion was made for a new trial, and the appeal is from the judgment. We call attention to the fact that plaintiff's counsel made no request of the trial court to amend its conclusions of law by ordering judgment of ejectment in favor of their client. Their whole aim appears to have been to secure further relief of an equitable character, but just what has not been disclosed. Under these circumstances the trial court was justified in treating the action as one at law and in its disposition of the motions for amendments. It would be unfair and unjust to defendant to make findings upon a branch of the action which had never been suggested by either counsel until after the cause had been submitted and the findings made. We are of the opinion that justice requires that a new trial be had, in which, if so advised, the plaintiff may, by amendment to the complaint, allege facts and indicate the exact equitable relief sought before the trial begins, and at which defendant may, if it so concludes, introduce testimony tending to support one or both of its equitable defenses. We must not be understood as intimating that such defenses are not available in an action of ejectment pure and simple.

Judgment reversed, and cause remanded for further proceedings in the court below.