EDNA DICKERSON v. MINNESOTA TRIBUNE COMPANY.[1]

June 8, 1906.

Nos. 14,228—(203).

**Former Decision Followed.**
   Former decision in this case followed and applied. Johnson v. Minne-
sota Tribune Co., 91 Minn. 476.

**Findings—Evidence.**
   Findings of the trial court *held* sustained by the evidence.

Action in ejectment, originally brought by Albert Johnson, in the
district court for Hennepin county. The case was tried before Simp-
son, J., who found in favor of plaintiff for the relief prayed, and
awarded $75 damages. Subsequent to the trial plaintiff died, and
Edna Dickerson was substituted in his place. From an order denying
a motion for a new trial, defendant appealed. Affirmed.

*Rome G. Brown, Charles S. Albert,* and *Arnold L. Guesmer,* for ap-
pellant.

*S. A. Reed,* for respondent.

[1] Reported in 107 N. W. 1132.

BROWN, J.

This action was before us on a former appeal, to which reference is here made for a clear statement and understanding of the facts. Johnson v. Minnesota Tribune Co., 91 Minn. 476, 98 N. W. 321. It was there held that ejectment was a proper remedy for the relief sought in the action; but for reasons stated in that opinion the cause was reversed, and remanded for a new trial. It was again tried in the court below, but no new evidence was presented; that received on the first trial being used, under stipulation by the parties, on the last trial. The court below found the issues in favor of plaintiff, ordered judgment of ejectment, and awarded plaintiff the sum of $75 damages, and defendant appealed from an order denying a new trial.

No new questions are presented on this appeal. Counsel for defendant argue, as they did on the former appeal, that ejectment is not the proper remedy, and also that the findings of the trial court are not sustained by the evidence. We adhere to the decision made on the former appeal, to the effect that ejectment is plaintiff's proper remedy, and an examination of the record leads to the conclusion that all the findings of the trial court are fully sustained. We do not concur in the contention of defendant that the court awarded judgment for any portion of the party wall, but, on the contrary, only for the removal of such portions of the front of defendant's building as project over and beyond the dividing line between the property of the respective parties. It is unnecessary to enter into an extended discussion of the facts. It is sufficient to say that we have fully examined the evidence and find it ample to sustain the decision of the court below.

Order affirmed.