## HENRY STEIN v. THE GOLDEN RULE.[1]

June 18, 1909.

Nos. 16,086—(91).

**Projecting Sign beyond Party Wall — Findings.**

*Held,* that the findings of fact herein that the defendant wrongfully maintains shutters and their appliances and a sign for advertising purposes upon the side of a party wall and on and projecting over that part of the plaintiff's lot upon which the wall does not rest sustain an order for judgment that the plaintiff have restitution of his premises and that the defendant remove the shutters and sign.

Action in the district court for Ramsey county to compel defendant to remove window shutters and a sign on plaintiff's side of a party wall, and for $500 damages. The case was tried before Bunn, J., and a jury to which was submitted the question of damages. The jury rendered a verdict in favor of defendant. Plaintiff moved for judgment notwithstanding the verdict. The court made findings upon the matters by the court reserved for the court and ordered judgment directing defendant to remove the sign and the projecting fixtures. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.
*Dodge & Webber* and *Henry Stein,* for respondent.

START, C. J.

Appeal by the defendant from the judgment of the district court of the county of Ramsey adjudging that the plaintiff recover from the defendant the possession of all that part of the lot, described therein, which lies south of the party wall, on the north side of the lot, used and occupied by the defendant by maintaining shutters and a sign attached to the south face of the wall.

This case is in many of its facts similar to that of Stein v. Berrisford, supra, page 177, 121 N. W. 879; but the question presented by

[1]Reported in 121 N. W. 880.

the record in this case was not involved in the other case. The defendant herein is the lessee of the building, the south wall of which is the party wall with window openings therein referred to in the opinion in the other case.

The complaint herein alleged that the plaintiff was the owner of the lot upon which the south half of the party wall rested and that he was entitled to the possession thereof; that the defendant on September 2, 1905, wrongfully entered upon the plaintiff's lot, and has ever since occupied the same by maintaining on the south face of such wall, and on and projecting over the plaintiff's lot, two sliding window shutters and their appliances, which so extend over the lot beyond the south face of the wall from one to six inches; and, further, that the defendant maintains upon the south face of the party wall and over the plaintiff's lot a sign, for advertising purposes, eighty feet long and nine feet high. The complaint for a second cause of action alleged that the plaintiff had sustained damages by the alleged wrongful acts of the defendant in the sum of $500. The complaint prayed judgment that the defendant be compelled to remove the shutters and appliances from the plaintiff's premises, and that he have complete restitution thereof, and for $500 damages. The answer alleged that the shutters and appliances were placed upon the wall and the sign painted thereon by the defendant's predecessors, with the consent of the owner of the building and with the knowledge of the plaintiff, without any objection, and that the window shutters and appliances were a necessary part of the building and necessary as a fire protection. Except as admitted, the answer denied the allegations of the complaint.

The trial court submitted the question of damages to the jury, reserving for its consideration all other questions involved in the action, and instructed the jury that there was but the one question for them to decide, and that was whether the existence of the sign and shutters had lessened the rental value of the plaintiff's property, and, if so, how much. The jury returned a verdict for the defendant, which decided nothing except that the plaintiff had not sustained any actual damages. The plaintiff then made a motion for judgment notwithstanding the verdict or for a new trial. The record does not

disclose what disposition, if any, was made of this motion; but the trial court did make findings of fact to the effect following: That the plaintiff and Berrisford were the respective owners of the adjoining lots and entered into the party wall contract, and that the wall was constructed by Berrisford; that the south half of the wall and the south face thereof are upon the plaintiff's lot; and, further, that since September 2, 1905, defendant wrongfully and unlawfully maintained upon the side of the party wall, and upon the south face thereof, and on and projecting over the premises of the plaintiff, the shutters, devices, and other fixtures, all as stated and described in the complaint, and upon the south face of the wall, and upon the premises of the plaintiff, a sign eighty feet long and nine feet in height for advertising purposes, as alleged in the complaint. As a conclusion of law from the facts found judgment was directed for the plaintiff for the restitution of that part of his lot lying south of the party wall and occupied by the defendant by maintaining thereon the shutters and fixtures and the sign, and compelling the defendant to remove them from the south face of the wall. No motion or request was made by the defendant for further findings, and judgment was entered as directed.

The correctness of the court's findings of fact is not here challenged by any assignment of error. The sole question, then, presented by the record for our decision, is whether the facts found sustain the trial court's order for judgment. It is clear that they do. The plaintiff was entitled to the sole possession and enjoyment of all that part of his lot not occupied by the party wall, free from any projecting and overhanging sign, shutters, and appliances, without reference to the question whether he was actually damaged thereby. Johnson v. Minnesota Tribune Co., 91 Minn. 476, 98 N. W. 321.

Judgment affirmed.