## SMITH et al. v. MARTIN.

No. 12030—Opinion Filed Oct. 9, 1923.

(Syllabus.)

**Party Walls—Construction of Contract.**

S. & M. entered into a contract for the construction of a partition wall between their buildings which, among other things, provided: "First party will leave an easement or court two feet wide the entire length of the wall between himself and second party, the court to be at beginning of second floor." Held, that this agreement applied only to the wall dividing the building longitudinally and has no reference to the front wall of the building and did not prevent S. from constructing his front wall so as to close the east end of the court.

Error from Superior Court, Tulsa County; L. J. Martin, Judge.

Action by W. M. Martin against W. H. Smith and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

R. Emmet Stewart and E. I. Sadler, for plaintiffs in error.

Robinson & Mieher, for defendant in error.

COCHRAN, J. The plaintiff in error, W. H. Smith, and the defendant in error, W. M. Martin, owned adjoining lots in the city of Tulsa. There was a brick building on Martin's lot and Smith was the owner of a

one-half interest in the south wall of this building, the wall being 60 feet in length. Smith being desirous of building on his lot a building which would be 26 feet longer than Martin's, and desiring to extend the south wall west a distance of 26 feet, the parties entered into the following agreement:

"This agreement made this 9th day of December, 1918, by and between W. H. Smith of the first part, and Wm. Martin of the second part, both of Tulsa, Okla., witnesseth:

"That whereas, said party of the first part is the owner of lot 2 in block 46 and 15 ft. off the south side of lot 3, in block 46, in the city of Tulsa, Okla., and in the immediate vicinity and contiguous to lot 1 in block 46, owned by second party, on the north side of which lot or plat of ground owned by first party, he contemplates the erection of a brick building; and whereas it has been agreed between the parties that first party, now owner of a one-half interest in and to the south wall of the building on lot 1, in block 46 owned by second party; and whereas, it is the intention of the first party to build an extension of south wall west to a distance of 26 feet; and whereas, second party is desirous of securing same right and easement in said wall to be constructed:

"Now, therefore, it is agreed by and between the parties hereto that first party is hereby given and granted a right and easement for the purpose of constructing the aforesaid wall a distance of 26 feet as aforesaid, and it is agreed that second party shall have a right and an easement and part interest therein on payment to first party of $378 or of giving him good security for same; said payment or security to be made on or before said wall has been completed.

"It is further agreed by and between the parties that if at some future time, second party shall extend or lengthen his building by extending it to the west, he may have a right or an easement in and to the aforementioned wall to a distance of 12 feet from the rear of his building in its present status.

"It is further agreed that if second party shall fulfill the above and foregoing agreement and stipulations; then in such case first party will leave an easement or court two feet wide the entire length of the wall between himself and second party, the court to be at beginning of the second floor.

"This agreement contemplates a two-story brick building.

"This agreement shall be and hereby is binding upon our heirs, executors, administrators and assigns.

"In testimony whereof, we have hereto set our hands the 9th day of December, 1918.

"(Signed.)

"First party, W. H. Smith.
"Second party, Wm. Martin.

"Acknowledged before H. Augustus Guess, N. P.  (Seal.)"

This suit was filed by Martin to enjoin Smith from constructing the wall of his building in such a way as to close the windows in plaintiff's building and thereby shutting off the light and ventilation and in constructing the wall of his building in any manner except such as would leave a space or court two feet in width between the two walls. The plaintiff also asked for damages which had been sustained by reason of the breach of contract up to the time of trial. Judgment was rendered for the plaintiff for $500 damages and a permanent injunction was granted against the defendant's constructing his building so as to eliminate the court two feet in width between the two buildings and also enjoining him from extending the front, or east, wall of his building so as to close the court at the east end.

The defendant complains of the award for damages on the ground that the same are excessive and were rendered under instructions which permitted the jury to consider the damages occasioned by reason of closing the court at the east end. He also complains of the action of the court in enjoining the closing of this east end of the court.

The determination of the question as to whether the contract should be construed as meaning that the opening between the buildings extended the entire length of the building, including the front wall, or only extended the length of the party wall up to the front wall line. Counsel for plaintiff contend that it would be just as reasonable to say that the court should be closed at the rear or on top as to say it should be closed in front. We do not agree with this contention, however, as the word "court" signifies a space which is uncovered, but it may be partly or wholly enclosed by buildings or walls. The contract provided that the court should extend the entire length of the wall between the two buildings and to be at the beginning of the second floor. We think it is clear that it was the intention of the parties that this agreement applied to the wall dividing the building longitudinally and has no reference to the front wall of the buildings. The front wall of a building is no part of the partition wall and is the exclusive property of the owner on whose property it is constructed. In Johnson v. Minnesota Tribune Co. (Minn.) 98 N. W. 321, the court said:

"A front wall, however, although tied or fastened to a party wall, is no part of it, but is distinct and apart from it. And it is well settled that neither of the owners of a party

wall has the right to extend the front wall of his own building beyond the line which marks the division between the properties."

If the front wall is not a part of the party wall, it seems to us to be clear that it should not be considered that the wall between the buildings, as included in the contract under consideration, included any part of the front wall. The parties to this agreement were contracting relative to the construction of the walls between the two buildings and the contract was not dealing with the front wall of the building. It seems to us that it was intended the contract should only apply to the length of the partition wall and that the front wall was not included, as the language used was "entire length of the wall" instead of the entire length of the building.

It is our opinion that the trial court was in error in holding that the contract prevented the building of the front wall against the side wall of the plaintiff's building and prevented the closing of the court on the east end. Having reached this conclusion, it necessarily follows that the court erred in instructing the jury that the action of the defendant in closing the east end of the court is a breach of the contract, and that it erred in submitting to the jury the question of damages for such breach.

The judgment of the trial court is reversed, and cause remanded, with directions to proceed further in accordance with the views herein expressed.

JOHNSON, C. J., and McNEILL, KENNAMER, NICHOLSON, and MASON, JJ., concur.