Note.—See under (1) 27 Cyc. p. 56; anno. 23 L. R. A. (N. S.) 601; L. R. A. 1917D, 577; 4 A. L. R. 685; 18 R. C. L. pp. 898, 899; 3 R. C. L. Supp. p. 872.

---

## PITTSBURG COUNTY RY. CO. v. CAMPBELL.

No. 14971—Opinion Filed March 31, 1925.

Rehearing Denied May 12, 1925.

**1. Street Railroads—Injuries to Persons on Track—Contributory Negligence.**

In an action founded on negligence of the motorman of a street car in failing to exercise ordinary care to stop the car and prevent injuring the plaintiff after plaintiff had been discovered in a perilous position on the track, contributory negligence on the part of the plaintiff, in order to be available as a defense, must have occurred with actual knowledge on the part of the plaintiff of his then present and impending peril.

**2. Same—Remoteness of Contributory Negligence.**

Where, in such an action, there is evidence tending to show that contributory negligence on the part of the plaintiff in approaching the railway track without looking for the approaching car did not continue as the proximate cause of the injury, but was superseded by a chain of circumstances in which such contributory negligence became only remotely connected with the injury, and there is no evidence of any contributory negligence on the part of the plaintiff occurring subsequent to the time his position of peril on the track was discovered by the defendant, it then became a question for the jury to determine whether or not the injury was caused by the sole negligence of the defendant in failing to use ordinary care to stop the car after the perilous position of the plaintiff on the track had been discovered, and in these circumstances the law of concurring contemporaneous negligence has no application.

**3. Same—Sufficiency of Instructions.**

Where the only contributory negligence

by the plaintiff which the evidence in any way tended to establish was either in going upon the track without looking for approaching cars, or in attempting to outrun the car and pass across the track in front of the car after becoming aware of its approach, the trial court did not commit reversible error in its instruction to the jury in failing to distinguish between contributory negligence occurring prior to the discovery, by the defendant, of the plaintiff in a position of peril on the track, and contributory negligence occurring subsequent thereto, and in these circumstances, general instructions on contributory negligence were sufficient.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Pittsburg, County; Harve Melton, Judge.

Action by William Campbell against the Pittsburg County Railway Company, Judgment for plaintiff, and defendant appeals. Affirmed.

Monk & McSherry, for plaintiff in error.

George M. Porter and John L. Fuller, for defendant in error.

Opinion by FOSTER, C. William Campbell, hereinafter called the plaintiff, sued the Pittsburg County Railway Company, a corporation, hereinafter called the defendant, to recover $5,000 for personal injuries sustained by him, on the first day of April, 1922, at the intersection of First street and Madison avenue, in the city of McAlester, Okla., by coming in contact with a street car owned and operated by the defendant.

Issues were joined and upon a trial had in the district court of Pittsburg county, the jury returned a verdict in favor of the plaintiff for the sum of $1,000.

Motion for a new trial was filed by the defendant, overruled, exceptions reserved, and this defendant appeals, assigning as error the action of the trial court in overruling its motion for a new trial, in overruling its demurrer to the evidence of the plaintiff, and in giving certain instructions to the jury and refusing other requested instructions.

The principal question raised by the defendant and discussed in its brief is whether or not under the evidence disclosed by the record and introduced at the trial, the doctrine known as the modern doctrine of the "last clear chance" was applicable, and if applicable, whether the trial court properly defined the law relating thereto in its instruction to the jury.

The evidence discloses that the plaintiff, a man about 65 years old and deaf or partially deaf in one ear, in the late afternoon of April 1, 1922, was proceeding northward on the west side of First street in the city of McAlester, Okl.; that on the occasion in question. the plaintiff, at a point where the sidewalk along which he was proceeding reached Madison avenue, left the sidewalk and followed a footpath which lead him in a northeasterly direction a distance of some 40 feet to the railway track of the defendant where it intersects with the Madison street roadway, from which point the plaintiff proceeded north across said roadway and parallel with the tracks of the defendant a distance of some 16 feet, where the plaintiff intended to cross the track on the north side of the Madison street roadway and then proceed on his journey eastward along the north side of Madison avenue to his destination.

As the plaintiff left the sidewalk and approached the track of the defendant along the pathway mentioned, one of the defendant's interurban cars approached the intersection of Madison avenue and First street from the south, and the plaintiff was observed approaching the track by the motorman operating the car, who blew the emergency whistle and continued to sound the whistle at short intervals, at the same time reducing the speed of the car.

The plaintiff arrived at the point where Madison street roadway intersects with the street car track ahead of the car, turned north along the track as it passes across the Madison street roadway and was struck by the front steps of the car, thrown to the ground, and injured. The street car was going at the rate of about four miles per hour and proceeded, after the impact, about the length of the car when it came to a full stop, with the plaintiff lying immediately opposite the rear vestibule of the car.

The plaintiff admits that he did not look to see whether or not a car was approaching the intersection before going upon the track nor while walking along the rail on Madison street roadway, and it is conceded that the plaintiff could not hear the alarm sounded by the motorman.

It is established by the evidence, practically without conflict, that for a distance of two blocks south of the place of injury. the track was straight and unobstructed and that the plaintiff could have been seen approaching the tracks practically the entire time occupied in running from Jefferson

street intersection to Madison street intersection, a distance of one city block.

It is contended in the first instance that primary negligence on the part of the defendant has not been shown, and that the trial court erred, therefore, in not sustaining the evidence. We cannot agree with this contention.

There was evidence of a very clear and convincing nature that the plaintiff did not attempt to cross the street car tracks on the south side of Madison street roadway, but that he intended to cross the track on the north side of the roadway, and that in order to do this he reached the street car tracks at a point where they intersect with the south side of Madison street roadway, ahead of the street car, turned north across the roadway parallel with the west rail, and while walking along this rail and near the middle of the roadway, was struck by the front steps of the car and injured, and that he did not see nor hear the car approaching from behind, and was not aware of his perilous position prior to the impact.

The testimony of the witness, W. S. Utzman, was to the effect that the plaintiff, while approaching the street car tracks, as well as while walking along the track in the roadway, had his hands crossed behind him, his head down in deep study, and appeared wholly unconscious of danger; that the motorman in charge of the car for a full city block saw the plaintiff and was continuously sounding the alarm and reducing the speed of the car as he approached from behind, and struck the plaintiff while going at a rate of about four miles per hour.

The plaintiff himself testified that after bringing the car to a stop the motorman approached him as he lay on the ground in the Madison street roadway and said: "Oh, it's Mr. Campbell, I thought I could pass you." These and other circumstances not necessary here to be detailed were sufficient, we think, to establish primary negligence on the part of the defendant, and to establish a prima facie case of liability on the part of the defendant under the last clear chance rule.

It is true that the testimony of the motorman was at variance with the state of facts as above detailed. According to the motorman, the plaintiff attempted to cross the track on the south side of Madison street roadway without turning north on the west side of the rail across the roadway, and after seeing the car approaching from the south. attempted to outrun the car across the track on the south side of the roadway, as a result of which he was struck and injured.

But these conflicting theories of fact were questions for the jury to determine under proper instructions from the court, that is to say, whether the plaintiff was injured in the manner testified by him or whether he was injured while attempting to outrun the car across the track on the south side of Madison street roadway.

It is argued with much zeal, by the defendant in its brief, that under the rule announced by this court in the case of Missouri, O. & G. Ry. Co. v. Lee, 73 Okla. 163, 175 Pac. 367, the last clear chance doctrine has no application to the facts of this case.

It will be observed in the Lee Case, supra, that the plaintiff and defendant's train arrived at the point where the injury occurred, at practically the same time. In that case, unlike the case at bar, the plaintiff, a man possessed of good hearing, good eyesight, and quick action, approached the track under such circumstances as that it could not be presumed that he would attempt to cross the track at that particular point in front of the train, and after it was discovered that the plaintiff was intending to cross at that place, the train was then too close to enable those in charge of it to prevent the collision.

In other words, under the facts in the Lee Case, the peril of the plaintiff was not discovered in time to stop the train and prevent the injury, and since no duty could arise under any of the authorities until the actual discovery of such peril, no circumstances existed to bring the rule into operation.

In the instant case, it was the plaintiff's theory that he arrived at the track some distance ahead of the car under circumstances which could only put the railroad company on notice that he was unaware of the approach of the car and instead of attempting to cross at this point, turned and walked along the west rail of the track, still apparently oblivious to its approach, a distance of several feet, thus revealing to the defendant his perilous position along and in close proximity to the west rail of the track as it crossed Madison street roadway to such an extent as to make it the duty of the defendant to exercise ordinary care to stop the train and prevent the injury; and, since there was evidence reasonably tending to support this theory, it was

proper to submit the case to the jury under instructions defining the duties and liabilities of the parties under the last clear chance doctrine.

It is further contended that in the instant case the last clear chance doctrine has no application because, as in the Lee Case, surpa, it is shown that the injury resulted as a result of the continuous contemporaneous and concurring negligence of the plaintiff himself. We are unable to agree with this contention.

We have already reviewed the circumstances in the Lee Case which led the court to refuse, in that case, the application of the doctrine of the last clear chance.

The court in the instant case fully instructed the jury on the effect of contributory negligence by the plaintiff and further instructed that if they found that the defendant was liable under the last clear chance doctrine they would be authorized in returning a verdict in favor of the plaintiff, notwithstanding his contributory negligence.

The defendant requested the court to instruct the jury on the law of concurring or continuous concurring negligence on the part of the plaintiff, which instruction was refused by the court. If the defendant discovered the perilous position of the plaintiff on the track in time, by the exercise of ordinary care, to have stopped the car and prevented the injury, and the plaintiff, after such actual discovery by the defendant, himself became aware of the peril to which he was exposed and was negligent in failing to step aside and thus prevent the collision, such negligence would undoubtedly bar his right to recover. whether this negligence should be denominated concurring negligence or ordinary contributory negligence or both.

Contributory negligence is not necessarily confined to preperil negligence, but may occur on the part of the plaintiff after his peril has been discovered by the defendant if the plaintiff is aware of his perilous position and fails or omits to avoid the injury.

But there is no evidence in this record of such negligence on the part of the plaintiff. It is true that the motorman testified that the plaintiff attempted to outrun the car across the track but this testimony related entirely to the situation of the parties on the south side of Madison street roadway, and, if true, would not have been concurring negligence in the sense in which that term was used in the Lee Case, but an extreme case of contributory negligence. In other words, it related to a situation in which the duties and obligations of the defendant under the last clear chance doctrine could not have arisen. and was properly taken care of, we think, under the court's general instructions on contributory negligence.

In cases where the last clear chance doctrine is applicable, it is only when the plaintiff has knowledge of a then present and impending peril that his contributory negligence in failing to conserve his own safety can be relied on as a defense. Southern Railway Co. v. Stewart. 153 Ala. 133; L. & N. Railway Co. v. Young, 153 Ala. 232, 16 L. R. A. (N. S.) 301; Bourrett v. Chicago & N. W. Railway Co. (Iowa) 121 N. W. 880, Smih ·v. Southern Pacific Co.. 58 Ore. 22, 113 Pac. 41; Clark v. St. Louis & S. F. Ry. Co., 24 Okla. 764, 108 Pac. 361.

As before suggested there was evidence reasonably tending to show that the motorman in charge of the car must have appreciated the fact that the plaintiff was unaware of approaching danger after he had reached a position of peril on the track, and that the defendant was aware of his danger and failed to use ordinary care to stop the car and prevent the injury.

In Laughlin v. St. Louis & S. F. Ry. Co., 144 Mo. App. 197, 129 S. W. 1010, it is said:

"But modern methods and instruments of transportation developed a class of personal injury cases in which it became apparent that the contributory negligence of the plaintiff. while cooperating to place him in a perilous position, did not continue as a proximate cause of the injury, but was superseded in the chain of causal events by the sole negligence of the defendant. In other words, after the plaintiff through negligent oblivion to danger had voluntarily imperiled himself, the defendant, with knowledge of the peril and with opportunity to avoid the injury, had negligently or wantonly run the plaintiff down."

Since there is evidence tending to show that the primary negligence of the plaintiff in approaching the track without looking for the approaching car did not continue as the proximate cause of the injury, but was superseded by a chain of events and circumstances in which such contributory negligence disappeared, it then became a question for the jury to determine whether or not the injury was caused by the sole negligence of the defendant in failing to use ordinary care to stop the car after the perilous position of the plaintiff had been discovered, and the instructions requested by the defendant on the law of concurring or continuous concurring negligence were inap-

plicable and the court committed no error in refusing the same.

And since the only contributory negligence on the part of the plaintiff which the evidence in any respect tended to establish was in approaching the track without looking, or, if the motorman is to be believed, in attempting to outrun the car across the track on the south side of the Madison street roadway after becoming aware of the approaching car, the court's general instructions on contributory negligence were sufficient, we think, to cover every issue developed by the evidence in the case, and therefore no error was committed by the court in not distinguishing in its instructions, between preperil contributory negligence, and postperil contributory negligence.

General instructions 8, 9, and 10, dealing with the last clear chance doctrine, are criticized by the defendant, but we think most of these objections have already been answered in what we have already said in this opinion on the general question of the applicability of this doctrine to the facts of this cause.

Especially is this true in reference to the criticism directed against instruction number 10.

One of the objections to instructions number 8 and number 9, as we understand it, is that the duty of the defendant to stop the car after discovering the peril of the plaintiff was not limited or qualified by apt words imposing the obligation, only, to use ordinary care to stop the car. But when this instruction is taken in connection with instruction number 10, wherein the court told the jury in effect that the defendant was only obligated to exercise such care to stop the car, after it had discovered the plaintiff's peril, as an ordinarily prudent person would have exercised under the same or similar circumstances, it cannot be said that the instruction given operated to the substantial prejudice of the defendant.

On the whole, instruction number 8 is eminently fair to the defendant and the giving of this instruction cannot work a reversal merely because casual reference was made by the court to a hypothetical situation not disclosed by any evidence introduced in the case and which could not, therefore, have reasonably misled the jury.

Upon a survey of the entire record we are of the opinion that the judgment of the trial court is correct and should be and is hereby affirmed.

By the Court: It is so ordered.